DELRAY INC. *v.* PIEDMONT INVESTMENT CO. *et al.*

320

No. 14164.   June 17, 1942.   Rehearing denied July 16, 1942.

322

G. S. Peck, for plaintiff.
Homer A. Glore and Gordon B. Gann, for defendants.

GRICE, Justice. The plaintiff, as the result of several successive conveyances, is the transferee of a security deed conveying the property involved. Glore was the holder of a senior security deed; and Delray Inc. is the holder of a later security deed from Piedmont Investment Company, to which was conveyed such title as remained in Mrs. Levitsky, the grantor in the security deed held by Glore. The covenant to keep the premises insured was broken, and Glore declared the whole debt due, and under the power contained in the security deed advertised the property for sale. His right to do so was given to him in the instrument. The contingency happening on which arose his right to accelerate the maturity of the notes, he, without previous notice to any one, proceeded to advertise the property for sale according to the terms of the deed. On September 14, 1940, the plaintiff procured new policies in the required amount, and undertook to deliver them to Glore, which he declined to accept. At this time the breach of the covenant to keep the premises insured had occurred. The previous advertisement of the sale under the power, which had been temporarily enjoined by Judge Hawkins, was an election on the part of Glore to declare the whole debt due. *Redwine* v. *Frizzell*, 184 *Ga.* 230, 234-235 (supra), and cit. His right to act was not dependent on any previous notice to his debtor, or to the holder of any junior security deed; and his right having accrued, based on failure to keep the premises insured, it could not be divested because thereafter other policies were obtained and tendered to him. The original security deed containing the provisions above referred to was in evidence. The fact that the insurance had been canceled was not open to dispute. After it had been, the holder elected to act, the property was advertised in terms of the deed, and was sold. Counsel for the plaintiff argues that the policies were not in effect canceled, because no notice of such cancellation was sent to Delray Inc., the holder of a junior security deed. The whole case of the plaintiff depends upon the soundness of that contention. It can not be sustained. A different question was involved in *Provident Savings Life Assurance Society* v. *Georgia Industrial Co.*, 124 *Ga.* 399 (52 S. E. 289), and nothing there decided is contrary to what is here ruled. Nothing contained in the special grounds of the motion relates to the questions which control the case, or affords reason for the grant of a new trial. To the holder of every junior

security deed is attached the risk that the person holding the senior deed containing the usual covenants and power of sale to be found therein may, for a breach of one or more of the covenants, declare his debt due and sell under the power. When this is done fairly and in accordance with the terms thereof, the grantee in the second one loses his security, unless the property brings more than the amount of the older debt and he is without recourse on the holder of the first instrument. Such is this case. It was not erroneous to refuse to grant a new trial.

*Judgment affirmed. All the Justices concur.*